UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FELIPE FERNANDEZ, *on behalf of himself and all others similarly situated*,<br><br>        Plaintiffs,<br><br>-against-<br><br>VOGT WESTERN SILVER, LTD.,<br><br>        Defendant. | Case No. 1:24-cv-07238 (JLR)<br><br>**ORDER OF DISMISSAL** |

JENNIFER L. ROCHON, United States District Judge:

  On September 25, 2024, Felipe Fernandez ("Plaintiff") initiated this action against VOGT Western Silver, LTD ("Defendant"). Dkt. 1. Defendant failed to answer or otherwise respond to the Complaint by the applicable deadline, and the Court granted a courtesy extension to respond no later than November 13, 2024. Dkt. 8. After Defendant filed to answer or otherwise respond to the Complaint by that date, the Court ordered Plaintiff to file a motion for default judgment no later than December 12, 2024. Dkt. 12. The Court warned Plaintiff that "[f]ailure to timely file a motion for default judgment may result in dismissal for failure to prosecute." *Id.* Plaintiff failed to file a motion for default judgment by that date, and on December 13, 2024, the Court Ordered Plaintiff to show cause, no later than December 20, 2024, why the Court should not dismiss this case for failure to prosecute. Dkt. 13.

  On December 26, 2024, the Court extended the deadline for Plaintiff to file its motion for default judgment to January 23, 2025. Dkt. 15. On January 29, 2025, after Plaintiff again failed to file a motion for default judgment by the Court-ordered deadline, the Court ordered Plaintiff to show cause, no later than February 12, 2025, why the Court should not dismiss the case for failure to prosecute. Dkt. 16. The Court warned Plaintiff that the Court would dismiss the case without further notice if it did not receive any such communication from Plaintiff by

that date. *Id.* Since the Court's order on January 29, 2025, the parties have not filed anything on the docket, communicated with the Court, or otherwise indicated the case is proceeding. As of today's date, Plaintiff has not responded to the Court's orders or otherwise indicated that he intends to pursue this action.

Federal Rule of Civil Procedure ("Rule") 41(b) provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order." Fed. R. Civ. P. 41(b). Rule 41(b) "gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). Courts must consider the following factors when making this determination: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

Here, Plaintiff has made no effort to prosecute this litigation since the case was filed over four months ago. *See Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) (collecting cases where delays of "several months" warranted dismissal). Plaintiff was given notice on January 29, 2025, that this action would be dismissed if he did not move for default judgment, Dkt. 16, which he did not do. And while there is no specific evidence on the record that delay will prejudice Defendant, "[p]rejudice to defendants resulting from unreasonable delay may be presumed." *Andretta v. City of New York*, No. 21-cv-5783 (LJL), 2022 WL 4237125, at *2 (S.D.N.Y. Sept. 14, 2022) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682

2

F.2d 37, 43 (2d Cir. 1982)). Dismissal without prejudice appropriately strikes a balance "between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard." *LeSane*, 239 F.3d at 209 (citation omitted). Finally, in light of Plaintiff's failure to communicate with the Court, no other lesser sanction is suitable at this juncture.

Because the Court has not received any response from Plaintiff to the Court's January 29, 2025 Order, including any indication that he intends to pursue this case, the instant action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is respectfully directed to close the case.

Dated: February 13, 2025
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge

3